## Richmond

## DONALD MOOREMAN CLODFELTER, A/K/A JOHN ADAMS V. COMMONWEALTH OF VIRGINIA

November 23, 1977.

Record No. 761204.

Present: Carrico, Harrison, Cochran, Harman, Poff and Compton, JJ.

*John H. Herbig (Robert L. Harris; James S. Gilmore, III; Harris, Tuck, Freasier & Johnson,* on briefs) for plaintiff in error.

*Robert H. Herring, Jr., Assistant Attorney General (Anthony F. Troy, Attorney General; K. Marshall Cook, Assistant Attorney General,* on brief), for defendant in error.

HARMAN, J., delivered the opinion of the Court.

In his petition for rehearing to our opinion of June 10, 1977, 218 Va. 98, 235 S.E.2d 340, Donald Mooreman Clodfelter (Clodfelter) represented that a portion of the transcript of evidence adduced at his preliminary hearing, although reproduced in his appendix, referred to in his brief and set forth in our June 10 opinion, was not admitted in evidence or considered at Clodfelter's trial in the court below. A copy of a "Supplemental Statement of Facts" dated June 29, 1977, endorsed by defense counsel and the Assistant Commonwealth's Attorney who prosecuted Clodfelter, and approved by the trial court, was attached to the petition. To attain the ends of justice, we granted a writ of certiorari directing the Clerk of the trial court to supply this omission in the record, Code § 8-473 [1], and granted Clodfelter a rehearing limited to whether the evidence was sufficient to show that Clodfelter knowingly and intentionally possessed the contraband drugs found in his hotel room.

---

[1] Recodified in 1977 as Code § 8.01-673(A).

Based on the record as now constituted, it would appear that the trial court excluded, as hearsay, that part of the preliminary hearing transcript which showed that Jimmy Rufus Johnson:

(1) denied to the police that he was an occupant of the hotel room containing the contraband drugs;

(2) told the police he had been sent to the hotel room by Clodfelter who told Johnson that Clodfelter had observed police at the hotel;

(3) told the police that Clodfelter had asked him to "pick up" the drugs in Clodfelter's room if the police had not already found them; and

(4) told the police that Clodfelter might be found at a motel elsewhere in Virginia Beach.

With this evidence removed from consideration, we will now restate the evidence admitted and considered by the trial court to test its sufficiency to establish that Clodfelter knowingly and intentionally possessed the contraband drugs. The evidence in this connection establishes that Clodfelter, using his true identity, rented the hotel room where the contraband drugs were discovered; that Clodfelter was the only guest registered as occupying the room; that only one key to the room was issued by the hotel and that key was delivered to Clodfelter upon registration; that Johnson used this key to enter the room while the police were there pursuant to a valid search warrant; that certain items of personal property belonging to Clodfelter, namely, a "buck" knife, a bracelet and a hair brush, were discovered in the hotel room by the police; that a hair sample found in the room was consistent with Clodfelter's hair in race, sex, color, diameter and microscopic characteristics; that the contraband drugs were concealed behind a hanging wall mirror in the hotel room; that a large bag containing empty drug containers was found under the bed; and that Clodfelter, when questioned by the police in the presence of Johnson, gave a false name by identifying himself as John Adams.

Clodfelter argues that this evidence, wholly circumstantial in character, fails to establish beyond a reasonable doubt that he knowingly and consciously possessed the contraband drugs. He points out that a body search at the time of his arrest disclosed no drugs in his actual possession. He calls attention to Code

§ 54-524.101:2 [2], in effect at the time of his arrest, which provided that "... ownership or occupancy of premises or vehicle upon or in which a controlled substance was found shall not create a presumption that such person either knowingly or intentionally possessed such controlled substance." Thus, Clodfelter argues, the evidence that he rented the hotel room is insufficient to prove that he had knowing and conscious constructive possession of the drugs. He also argues that the evidence, wholly circumstantial in nature, does not present an unbroken chain of circumstances establishing his guilt to the exclusion of any other rational hypothesis and to a moral certainty.

The legal principles applicable to this case are well established and clearly defined. In *Ritter* v. *Commonwealth*, 210 Va. 732, 741, 173 S.E.2d 799, 805-06 (1970), this Court, speaking through Mr. Justice Harrison, said:

"In order to convict a defendant of 'possession' of a narcotic drug, within the meaning of Virginia's Uniform Narcotic Drug Act, it generally is necessary to show that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. Physical possession giving the defendant 'immediate and exclusive control' is sufficient. However, the possession need not always be exclusive. The defendant may share it with one or more. The duration of the possession is immaterial and need not always be actual possession. The defendant may be shown to have had constructive possession by establishing that the drugs involved were subject to his dominion or control. See 91 A.L.R. 2d 810 for annotation on 'What constitutes "possession" of a narcotic drug', and a collection of cases.

"In *People* v. *Pigrenet*, 26 Ill.2d 224, 186 N.E.2d 306 (1962), the court held that while knowledge was an essential ingredient in the crime of possession of narcotics, such knowledge may be proved by evidence of acts, declarations or conduct of the accused from which the inference may be fairly drawn that he knew of the existence of narcotics at the place where they were found."

---

[2] Repealed and recodified in 1975 as Code § 18.2-250.

Equally well established principles apply to testing the sufficiency of circumstantial evidence. In *LaPrade* v. *Commonwealth*, 191 Va. 410, 418, 61 S.E.2d 313, 316 (1950), we summarized those principles as follows:

"... [I]f the proof relied upon by the Commonwealth is wholly circumstantial, as it here is, then to establish guilt beyond a reasonable doubt all necessary circumstances proved must be consistent with guilt and inconsistent with innocence. They must overcome the presumption of innocence and exclude all reasonable conclusions inconsistent with that of guilt. To accomplish that, the chain of necessary circumstances must be unbroken and the evidence as a whole must satisfy the guarded judgment that both the corpus delicti and the criminal agency of the accused have been proved to the exclusion of any other rational hypothesis and to a moral certainty. . . ."

■ But, circumstances of suspicion, no matter how grave or strong, are not proof of guilt sufficient to support a verdict of guilty. The actual commission of the crime by the accused must be shown by evidence beyond a reasonable doubt to sustain his conviction. *Powers* v. *Commonwealth*, 182 Va. 669, 676, 30 S.E.2d 22, 25 (1944).

■ While Clodfelter's occupancy of the room where the drugs were found did not create a presumption that he either knowingly or intentionally possessed the drug, Code § 54-524.101:2, it was a circumstance which could be considered by the court, along with the other evidence, in determining Clodfelter's guilt or innocence. *Gillis* v. *Commonwealth*, 215 Va. 298, 301, 208 S.E.2d 768, 770-71 (1974).

■ Distilled to its basic elements, the evidence, and reasonable inferences therefrom, show that Clodfelter rented the hotel room and that he had deposited some of his personal effects there. The evidence also shows that Clodfelter, when questioned by the police, gave a false identity. Certainly this evidence creates a strong suspicion of guilt, but it falls short of showing beyond a reasonable doubt that the drugs found in the hotel room were ever actually or constructively possessed by Clodfelter with an awareness of their character.

Since we cannot say that all circumstances proved were consistent with the defendant's guilt and inconsistent with his innocence, the convictions will be reversed and the case will be remanded for a new trial if the Commonwealth is so advised.

*Reversed and remanded.*