# CIRCUIT COURT OF NELSON COUNTY

Commonwealth of Virginia

v.

Joey Edward Napier

December 11, 1992

Case No. CR-3041

BY JUDGE J. MICHAEL GAMBLE

The Defendant was indicted by the Nelson County Grand Jury for feloniously possessing with intent to sell, give, or distribute more than five pounds of marijuana in violation of § 18.2-248.1(A)(3) of the Code of Virginia (1950), as amended. Napier pleaded not guilty and waived jury trial. The case was tried before the Court without a jury on December 4, 1992. The Court deferred judgment on guilt or innocence pending further consideration and review of legal authorities.

The facts in this case are as follows. Representatives of the Nelson County Sheriff's Department, in conjunction with members of the Charlottesville Area Regional Drug Task Force, executed a search warrant at approximately 6:30 a.m. on October 11, 1991, on a wood frame home in the Stump Town area of Schuyler in Nelson County, Virginia. Pursuant to that search warrant, plastic and paper bags containing in excess of 28 pounds of marijuana were seized. Also, weighing scales and a firearm were seized. Some of the contraband marijuana was seized in the upstairs area of the house, and some of it was seized in the trunk of a red Maverick automobile parked beside the house.

At the time that the search warrant was executed, the only occupants of the home were Clyde Monroe Minter, Jr., Signorey Marie Minter, and an infant child of Signorey Marie Minter. The evidence indicated that Signorey Minter and the Defendant, Joey Napier, had resided in the home off and on previously. The infant child was a child of Signorey Minter and Joey Napier, although they were not married. Because of various disagreements, Signorey Minter and her child had left the house approximately

three weeks prior to the time that the search warrant was executed. After a telephone conversation with Joey Napier, she decided to come back to the home. She returned to the home with her father, Clyde Monroe Minter, and her infant child. They arrived at the house at approximately 9:30 p.m. on October 10th and went to bed. They were found sleeping in the downstairs area of the house. According to the testimony of both Clyde Minter and Signorey Minter, Joey Napier was not in the house that night. Signorey Minter further testified that she had never seen marijuana stored in the house previously, although some "joints" had been smoked. She further testified that she did not know that the contraband substance was in the house the night she returned on October 10, 1991.

The automobile from which the marijuana was seized was titled in the name of Clyde Minter, the father of Signorey Minter. However, all the evidence indicated that the primary driver of that vehicle had always been Joey Edward Napier. The reason that it was titled in the name of Clyde Minter was because of the poor driving record of Napier. When the search warrant was executed, either Mr. Minter or Signorey Minter pointed to some keys hanging on a nail, and the police utilized the keys to open the trunk of the vehicle where the marijuana was found.

Deputy Sheriff Robert L. Crews of the Nelson County Sheriff's Department testified that Stump Town was an area where he regularly patrolled. He testified that in the past he had seen the Defendant at the house. He also had seen the Defendant operating the Maverick automobile. Also, Signorey Minter testified that Joey Napier rented the house.

There was no evidence of any fingerprints of Joey Edward Minter on the bags containing the marijuana or on the scales. There was no evidence which indicated that Joey Napier was in the house or operated the car at any time between the time that Signorey Minter left three weeks prior to the execution of the search warrant and the date of the execution of the search warrant. The only evidence was that he had lived in the house prior to the time that she left and that he had at times operated the vehicle in the past. Also, the police found in the house a photograph of the Defendant holding a plant consisting of green leafy material. There was no evidence of when the photograph was taken.

Section 18.2-250 of the Code of Virginia (1950), as amended, concerning the possession of controlled substances provides in part:

> Upon the prosecution of a person for a violation of this Section, ownership or occupancy of premises or vehicle upon which a controlled substance was found shall not create a presumption

that such person either knowingly or intentionally possessed such controlled substance.

In *Wynn v. Commonwealth*, 5 Va. App. 283, 287, 362 S.E.2d 193 (1987), the Court of Appeals of Virginia applied this Code Section to possession of marijuana with intent to distribute as is charged in the case now before the Court. Because the Defendant was not found in the personal possession of the contraband that was seized, it is necessary for the Commonwealth to prove constructive possession. The Supreme Court of Virginia set forth the test to determine whether or not constructive possession has been established in *Drew v. Commonwealth*, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting *Powers v. Commonwealth*, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)):

> To support a conviction based upon constructive possession, the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show the Defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.

Further, suspicious circumstances, including mere proximity, are insufficient to support a conviction. *Behrens v. Commonwealth*, 3 Va. App. 131, 135, 348 S.E.2d 430, 432 (1986).

The case most similar to this case that I could find is *Clodfelter v. Commonwealth*, 218 Va. 619, 238 S.E.2d 820 (1977). In *Clodfelter*, the Supreme Court of Virginia considered a case where the Defendant rented a hotel room in which he deposited some of his personal effects. The Defendant was the only guest registered as occupying the room, and only one key to the room was issued by the hotel. That key was delivered to Clodfelter. The police executed a search warrant and found contraband drugs that were concealed behind a hanging wall mirror in the hotel room. Further, a large bag containing empty drug containers was found under the bed. The Defendant, when questioned by the police, gave a false name.

Notwithstanding the evidence in the above case, the conviction of the Defendant was reversed by the Supreme Court of Virginia. The Court in *Clodfelter* specifically held that all of the circumstances in the case were not consistent with guilt and inconsistent with innocence and therefore reversed the conviction. *Clodfelter v. Commonwealth*, 218 Va. at 624.

In the instant case, because there was no evidence to demonstrate that the Defendant, Napier, occupied the house during the three weeks that

Signorey Minter was not living in the house, all circumstances are not consistent with guilt and inconsistent with innocence. Accordingly, the charges against the Defendant must be dismissed.