COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Coleman and Elder
Argued at Richmond, Virginia

JAMES EDWARD CRAWLEY, JR.

v.   Record No. 1582-94-2        MEMORANDUM OPINION[*] BY
                                 CHIEF JUDGE NORMAN K. MOON
COMMONWEALTH OF VIRGINIA              DECEMBER 29, 1995

           FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    James B. Wilkinson, Judge

           Maureen L. White, Assistant Public Defender
           (David J. Johnson, Public Defender, on
           brief), for appellant.

           Thomas D. Bagwell, Assistant Attorney General
           (James S. Gilmore, III, Attorney General, on
           brief), for appellee.


     James Edward Crawley Jr. was convicted of possession of

cocaine and heroin with intent to distribute.  He appeals his

convictions on the ground that the evidence was insufficient to

prove that he possessed drugs.  We agree, and reverse the

convictions.

     On October 22, 1992, a detective executed a search warrant

at Room 119 of the Relax Inn.  When the detective arrived at the

room, Crawley's girlfriend was the only occupant in the room.  In

the closed drawers of a dresser and a nightstand, the police

found cocaine, heroin, scales, $560 in cash, a picture of

defendant, and clothing belonging to the defendant.  On the floor

between a dresser and a bed, the police found a folded playing

card containing a small amount of cocaine.  The defendant's

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

girlfriend showed the detective where the drugs could be found. The Commonwealth did not present evidence showing to whom or when the room was registered, nor had the police done surveillance of the room to show who had been occupying it.

Crawley arrived at the room about fifteen minutes after the search began. He had in his possession two pagers, and a key to room 119. Crawley at first informed police that he did not know anyone in the room; he then indicated that he was visiting his girlfriend in the room.

Where sufficiency of the evidence is challenged, the Court considers the evidence in the light most favorable to the Commonwealth and grants it all reasonable inferences deducible therefrom. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict. Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

The defendant's conviction was based on the Commonwealth's evidence to prove constructive possession. "To support a conviction based on constructive possession, `the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'" McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987) (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338

- 2 -

S.E.2d 844, 845 (1986)).  Where the Commonwealth's case for constructive possession is based on circumstantial evidence, such evidence must be sufficiently convincing to exclude every reasonable hypothesis except that of guilt.  Shurbaji v. Commonwealth, 18 Va. App. 415, 423, 444 S.E.2d 549, 553 (1994); Hairston v. Commonwealth, 5 Va. App. 183, 186, 360 S.E.2d 893, 895 (1987) (citations omitted).

This case is similar to Clodfelter v. Commonwealth, 218 Va. 619, 238 S.E.2d 820 (1977), where the Supreme Court found the evidence insufficient to prove constructive possession.  In that case, drugs were found concealed behind a dresser mirror and underneath a bed.  The room was registered to Clodfelter and he had left some personal property there.  Clodfelter, when questioned by the police, gave a false identity.  The Supreme Court found that the evidence created a "strong suspicion of guilt", but fell short of showing that the drugs were either actually or constructively possessed by Clodfelter with an awareness of their character.  Id. at 623, 238 S.E.2d at 822.

Two factors that distinguish this case from Clodfelter are the presence of Crawley's girlfriend, who knew the location of the drugs, and the location of the drugs.  However, these differences do not prove that Crawley knew of the nature and presence of the drugs or exercised dominion or control over them.  In Clodfelter, the drugs could have been left by a former occupant.  Here the drugs could have been possessed solely by the girlfriend.  The police could not say when or whether Crawley had

- 3 -

been in the room before he arrived and was arrested.  Although his possession of a key to the room, the presence of his clothes and photo in the room, his possession of a pager, and his false denial of knowing his girlfriend are highly suspicious, those factors do not prove that he exercised dominion or control over the contraband.  Thus, the Commonwealth's evidence did not exclude every reasonable hypothesis of innocence.  Unsupported inferences, mere probabilities, and speculation are insufficient to sustain these convictions.  Therefore, the judgment of the trial court is reversed.

<u>Reversed.</u>