COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Elder and Bumgardner
Argued at Richmond, Virginia

VAN DERRICK TUCKER

MEMORANDUM OPINION[*] BY
v.    Record No. 0348-97-2          JUDGE RUDOLPH BUMGARDNER, III
                                           JUNE 16, 1998
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
James F. D'Alton, Jr., Judge

(Paul C. Bland; Beverly M. Murray, on brief),
for appellant.  Appellant submitting on
brief.

Ruth Ann Morken, Assistant Attorney General
(Richard Cullen, Attorney General, on brief),
for appellee.


        The defendant was charged with possession of cocaine with the intent to distribute.  After a bench trial, he was found guilty.  He appeals his conviction arguing that there was insufficient evidence.  Finding that the evidence was sufficient to support the conviction, we affirm.

        Officer E.S. Jones arrested the defendant by executing an outstanding arrest warrant for a parole violation.  The defendant tried to escape arrest, but the officer was able to overcome him.  This officer placed handcuffs on the defendant, conducted a quick pat-down search but did not check his back pockets, lower legs, or shoes.  Another officer transported the defendant to jail.  While driving him, the officer saw the defendant squirm around and apparently try to get into his back pocket.  Nothing

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

was found in the vehicle where the defendant had been seated.

The defendant was placed in a holding cell and watched by two officers, Officer Jeanette Richardson and the officer who transported him. He was the only one in the cell. At first he was seated on a processing bench. He kept moving around and was told to be still. He finally got up and walked ten to fifteen feet to a desk and chair. These were at the other end of the cell at the point farthest from the officers. When seated at the desk, the defendant was partly out of the officers' sight. While there, the defendant appeared to be reaching into his right pocket and messing with his shoes. Richardson remarked to the other officer that the defendant was trying to ditch something. When Officer Jones arrived, the defendant's clothes were disheveled, one pocket was pulled out, and his right shoe was off. The other officer had Jones check the area where the defendant had been sitting. In plain sight and within one to two feet of where the defendant had been seated, Jones found cocaine. Richardson had been in that area twenty minutes before, she had sat where the defendant had been seated, and she saw no drugs there then. Only Jones and the defendant had been back in that area.

Where an appellant challenges the sufficiency of the evidence, the evidence must be viewed in the light most favorable to the Commonwealth, granting it all reasonable inferences fairly deducible therefrom. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). We may not disturb a

verdict unless it was "plainly wrong or without evidence to support it." Stockton v. Commonwealth, 227 Va. 124, 145, 314 S.E.2d 371, 385 (1984). On appeal this Court must "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." Wright v. Commonwealth, 196 Va. 132, 137, 82 S.E.2d 603, 606 (1954).

From the evidence, the trial court could properly infer that the defendant had the illegal drugs on his person. When the police arrested him, they did not thoroughly search the defendant. While being transported he appeared to be trying to get into his pocket, but nothing was found where he was seated. In the cell he moved away from the jailer and was partially concealed. He again appeared to be reaching into his pocket. His clothes were disheveled, his pocket was pulled out, and his shoe was off. Immediately after he left the cell, the drugs were found where he had been seated when acting strangely. He had been alone in the cell, and only twenty minutes before an officer had looked at the area and seen nothing where the drugs were found. This evidence supports the inference that the drugs were discarded by the defendant when he was finally able to remove them from his person.

Finding evidence to support the findings of the trial court, we affirm.

Affirmed.

Benton, J., dissenting.

The majority concludes that the circumstances were sufficient to permit an inference that Van Derrick Tucker possessed the cocaine found in the holding cell. I would reverse the conviction because the evidence was insufficient to prove beyond a reasonable doubt that Tucker constructively possessed the cocaine.

Because no evidence proved that Tucker was ever in actual possession of the cocaine, the question is whether Tucker constructively possessed the cocaine. His proximity to the twenty-three bags of cocaine is insufficient to prove beyond a reasonable doubt that he constructively possessed them. See Clodfelter v. Commonwealth, 218 Va. 619, 623, 238 S.E.2d 820, 822 (1977). In order to prove that Tucker constructively possessed the cocaine, the Commonwealth was required to prove facts and circumstances that indicated that Tucker was aware of the presence of the cocaine and exercised dominion and control over it. Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986). Moreover, in order for circumstantial evidence to prove guilt beyond a reasonable doubt, the evidence must be wholly consistent with guilt and wholly inconsistent with innocence. See Bishop v. Commonwealth, 227 Va. 164, 169, 313 S.E.2d 390, 393 (1984).

Tucker fled when the officer approached to arrest him for a parole violation. After the officer caught Tucker and struggled with him, the officer put handcuffs on Tucker and searched Tucker

- 4 -

before putting him in a police vehicle.  The officer did not find the twenty-three bags of cocaine on Tucker.  The officer does not suggest how she could not have discovered twenty-three bags of cocaine that the majority infers were then in Tucker's possession.

Although the officer who transported Tucker to jail testified at trial that he saw Tucker "squirming around," he obviously was not concerned that Tucker may have had a weapon or contraband because the officer did not search Tucker.  When that officer delivered Tucker to the jail, he put Tucker in a holding cell.  The holding cell was accessible to a variety of people and used to hold arrested persons.  The jail was very busy at that time.  No one searched the holding cell before Tucker was placed there.  In the holding cell were a desk, a chair, and a bench.  Furthermore, the officer who was present and watching Tucker "the whole time" did not see Tucker with the twenty-three bags of cocaine and did not see Tucker drop anything.

Viewed as a whole, the circumstantial evidence does not prove beyond a reasonable doubt that Tucker possessed the cocaine.  "Suspicion, no matter how strong, is not enough. Convictions cannot rest upon speculation and conjecture." Littlejohn v. Commonwealth, 24 Va. App. 401, 415, 482 S.E.2d 853, 860 (1997) (citations omitted).  Moreover, when evidence is equally susceptible of two interpretations, one of which is consistent with the innocence of the accused, the trier of fact cannot arbitrarily adopt that interpretation which incriminates

the accused.  See Corbett v. Commonwealth, 210 Va. 304, 307, 171 S.E.2d 251, 253 (1969).

The evidence proved that the police officer searched Tucker and did not find the twenty-three bags of cocaine.  The second police officer then placed Tucker in a holding cell that had not been searched and that had been used to detain other prisoners. A third police officer watched Tucker while he was in the holding cell and did not see Tucker with the twenty-three bags of cocaine.  Only after Tucker was searched and put in the cell that had not been searched did the police find twenty-three bags of "chunk-like" cocaine under a desk.  On these facts, this conviction is supported only by speculation and conjecture that somehow Tucker carried the twenty-three bags of cocaine into the holding cell.

Because the evidence in this case was wholly circumstantial and because it did not exclude the reasonable hypothesis of innocence that another prisoner or person left the twenty-three bags of cocaine in the cell, the evidence was insufficient to prove Tucker's guilt beyond a reasonable doubt.  I dissent.