COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Lemons
Argued at Richmond, Virginia


ROBERT JONES, S/K/A
 ROBERT G. JONES, JR.

                              MEMORANDUM OPINION[*] BY
v.        Record No. 2670-97-2   JUDGE JERE M. H. WILLIS, JR.
                                   FEBRUARY 16, 1999
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
                  James F. D'Alton, Jr., Judge

           John H. Click, Jr. (White, Blackburn & Conte,
           P.C., on brief), for appellant.

           Thomas D. Bagwell, Senior Assistant Attorney
           General (Mark L. Earley, Attorney General, on
           brief), for appellee.


     On appeal from his conviction for possession of cocaine, in

violation of Code § 18.2-250, Robert Jones contends that the

evidence is insufficient to support his conviction.  We disagree

and affirm the judgment of the trial court.

     "On appeal, we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences deducible therefrom."  Martin v. Commonwealth, 4 Va.

App. 438, 443, 358 S.E.2d 415, 418 (1987).

     On September 22, 1995, Jones was arrested by Officer Isaac

Hawkins, Jr., pursuant to a misdemeanor arrest warrant.  Officer

Hawkins frisked Jones before placing him in the rear seat of a

police cruiser.  Hawkins testified that Jones was the only

---

        [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

occupant of the rear seat of the police vehicle during Hawkins' shift that night, that he had arrested Jones around 11:15 p.m., and that he had processed Jones himself. At the sentencing hearing held June 5, 1996, the Commonwealth reopened its case so that Hawkins could correct his testimony. Hawkins then testified that he arrested Jones around 8:15 p.m. and that he did not himself process Jones. The vehicle was locked with its windows rolled up at all times during Hawkins' shift.

Upon concluding his shift, Hawkins turned the vehicle over to Officer Paul Entrobia, Jr., who searched the vehicle preparatory to undertaking the next shift. Under the rear seat, Officer Entrobia found a white chalky substance, determined upon laboratory analysis to be crack cocaine.

The Commonwealth based its case against Jones on the theory that Hawkins had searched the vehicle at the beginning of his shift, that his search had disclosed no contraband, specifically cocaine, and that Jones was the only occupant of the rear seat of the vehicle before Officer Entrobia discovered the cocaine upon his search. The issue on appeal is whether, prior to placing Jones in the vehicle, Hawkins conducted a search establishing that the vehicle, at that time, contained no cocaine.

On direct examination, Officer Hawkins testified:

> A.  Standard procedure, Your Honor, before
>     taking a shift, each vehicle is checked
>     thoroughly by each officer coming on to
>     the shift, which means that the backseat
>     of the vehicle, the police vehicle,
>     which is a removable seat, bench style,
>     is actually pulled out from the vehicle

where the -- the bottom of the seat is checked for any possible weapons, contraband, or anything that is left of what's supposed to be in the vehicle.

Q. Did you do this on that date?

A. That's correct.

*       *       *       *       *       *       *

Q. When you took the seat out, did you do a thorough investigation of your vehicle?

[DEFENSE ATTORNEY]: Judge, it's been asked and answered.

*       *       *       *       *       *       *

THE COURT: It's been asked and answered.

The foregoing testimony established that Officer Hawkins searched his vehicle at the beginning of his shift, but he was neither asked nor stated what, if anything, that search disclosed. The Commonwealth argues that Hawkins' silence on the subject will support an inference that he found nothing. It argues also that the presumption that an officer will do his duty supports an inference that Hawkins would have removed any contraband that he found. We find neither argument persuasive.

However, on cross-examination, Hawkins was questioned and testified as follows:

Q. Okay. And then this rock was found afterwards in the patrol car; is that correct?

A. It was located by Officer Entrobia after the shift change.

Q. In the patrol car?

A. That's correct.

- 3 -

Q.  So this defendant would have had to have
    had that rock of crack cocaine on his
    person when you patted him down,
    correct?

A.  That would be correct prior to him being
    placed in the police vehicle.

Q.  That being the case, then, when you
    patted him down, you simply must have
    missed that large rock of crack cocaine
    on his person?

A.  Are you asking me a question, sir, or
    are you speculating?

Q.  I'm asking you if -- I'm asking you that
    rock -- your testimony is that that rock
    of crack cocaine was on this man's
    person when you patted him down?

A.  Prior to placing him in my police
    vehicle, that's correct.

Q.  So if that's your testimony, then, you
    must have, when you patted him down,
    missed seeing that rock of crack
    cocaine?

A.  Obviously, I did.  Correct.

The foregoing dialogue on cross-examination necessarily supposes and infers that the crack cocaine was not in the police vehicle prior to Jones' placement in the vehicle. That inference supports the finding that Hawkins' inspection of the vehicle disclosed no contraband because no contraband was there and that the contraband must have gone into the vehicle with Jones. That finding is sufficient to support Jones' conviction for possession of cocaine.

Jones contends that Hawkins' testimony is insufficient to support his conviction because Hawkins made several errors in his

trial testimony.  "It is fundamental that 'the credibility of witnesses and the weight accorded their testimony are matters solely for the fact finder who has the opportunity of seeing and hearing the witnesses.'"  Singleton v. Commonwealth, 19 Va. App. 728, 735, 453 S.E.2d 921, 926 (1995) (en banc) (citation omitted).  The trial court reviewed the testimony of both parties and determined that Hawkins was credible.  The trial court was afforded a second opportunity to judge Hawkins' credibility at the sentencing hearing and again found Jones guilty.

Because the findings of the trial court are not plainly wrong, the evidence is sufficient and the conviction must stand. See Glover v. Commonwealth, 3 Va. App. 152, 160-61, 348 S.E.2d 434, 440 (1986), aff'd, 236 Va. 1, 372 S.E.2d 134 (1988).

The judgment of the trial court is affirmed.

Affirmed.

Benton, J., dissenting.

The majority concludes that the circumstances were sufficient to permit an inference that Robert Jones possessed the cocaine found under the rear seat of the officer's vehicle. I would reverse the conviction because the evidence was insufficient to prove beyond a reasonable doubt that Jones possessed the cocaine.

At trial, Officer Hawkins testified concerning his "standard procedure . . . before taking a shift" of searching his vehicle for weapons or contraband. His testimony established only that he did not see anything he believed to be cocaine when, to the best of his "recollection," he searched the vehicle at 4:00 p.m.

When Officer Hawkins arrived at Jones' residence, Jones was wearing shorts and no shirt. Officer Hawkins could not recall whether Jones wore shoes or socks. He searched Jones in the residence and again outside before he put Jones in his vehicle. He found no cocaine on Jones. At trial, Officer Hawkins testified that he arrested Jones at 11:15 p.m. However, at the sentencing hearing several months later, Officer Hawkins testified that his trial testimony was incorrect and that he had in fact arrested Jones at 8:15 p.m. He explained this discrepancy by stating that his prior testimony was based on his "best recollection."

Officer Hawkins did not find the cocaine. Officer Entrobia testified that when his shift began at 12:00 a.m., he searched the vehicle that Officer Hawkins had used. He completely removed

the back seat of the vehicle and found a piece of cocaine on the floor of the space he exposed.

This evidence does not prove that Jones was ever in actual possession of the cocaine. His proximity to the cocaine is insufficient to prove beyond a reasonable doubt that he possessed it. See Clodfelter v. Commonwealth, 218 Va. 619, 623, 238 S.E.2d 820, 822 (1977). Moreover, in order for circumstantial evidence to prove guilt beyond a reasonable doubt, the evidence must be wholly consistent with guilt and wholly inconsistent with innocence. See Bishop v. Commonwealth, 227 Va. 164, 169, 313 S.E.2d 390, 393 (1984). Furthermore, the evidence was insufficient to even prove constructive possession because no facts or circumstances indicated that Jones was aware of the presence of the cocaine and exercised dominion and control over it. See Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986).

The Commonwealth's theory of prosecution was that Jones was the only person who could have possessed the cocaine. However, to support the conviction, the evidence must exclude every reasonable hypothesis other than Jones' possession of the cocaine. See Bishop, 227 Va. at 169, 313 S.E.2d at 393. It does not. Officer Hawkins' testimony does not exclude the reasonable hypothesis that he incompletely searched the vehicle or simply did not recognize the item that Officer Entrobia found three and a half hours after Jones had been removed from the vehicle.

Officer Hawkins searched Jones twice before putting him in the car. Jones did not wear much clothing. To the best of Officer Hawkins' "recollection," he had earlier searched the car according to standard procedure. However, his testimony clearly proved that his recollection was faulty because he could not accurately recall the time he arrested Jones. In addition, Officer Hawkins testified at trial that he personally processed Jones and took him before a magistrate. However, at the sentencing hearing he admitted that he did not process Jones. He attributed that mistake in his trial testimony to his belief at trial that "to the best of [his] recollection . . . [he] followed standard procedure." The officer's faulty recollection casts doubt upon whether he earlier searched the car.

On this evidence, it is equally as likely that Officer Hawkins overlooked the piece of cocaine earlier during an incomplete search of his vehicle as it is that he overlooked the piece of cocaine during the two searches of Jones before he put Jones in the vehicle. When evidence is equally susceptible of two interpretations, one of which is consistent with the innocence of the accused, the trier of fact cannot arbitrarily adopt that interpretation which incriminates the accused. See Corbett v. Commonwealth, 210 Va. 304, 307, 171 S.E.2d 251, 253 (1969). Furthermore, cocaine was found under the seat by Officer Entrobia, who searched the vehicle three and a half hours after Jones was in the vehicle. The completeness of Officer Entrobia's

search does nothing to establish whether Officer Hawkins was complete in his search.

The evidence in the record only raises a suspicion that Jones somehow had the cocaine. "Suspicion, no matter how strong, is not enough. Convictions cannot rest upon speculation and conjecture." Littlejohn v. Commonwealth, 24 Va. App. 401, 415, 482 S.E.2d 853, 860 (1997) (citations omitted). The evidence in this case was wholly circumstantial and did not exclude the reasonable hypothesis of innocence that another person left the cocaine in the vehicle. Therefore, I would hold that the circumstantial evidence does not prove beyond a reasonable doubt that Jones possessed the cocaine. I dissent.