COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Clements
Argued at Richmond, Virginia


ANTHONY C. HUDGINS, JR.
                              MEMORANDUM OPINION* BY
v.   Record No. 0960-00-2   CHIEF JUDGE JOHANNA L. FITZPATRICK
                                 SEPTEMBER 25, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
                      James A. Luke, Judge

            James Wicker Traylor (James R. Traylor and
            Associates, on brief), for appellant.

            Susan M. Harris, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Anthony C. Hudgins, Jr. (appellant) was convicted in a bench

trial of malicious wounding, in violation of Code § 18.2-51.  On

appeal, he contends that the evidence was insufficient to prove

his guilt.  We agree and reverse his conviction.

                                I.

     "When the sufficiency of the evidence is challenged on

appeal, we determine whether the evidence, viewed in the light

most favorable to the Commonwealth, and the reasonable

inferences fairly deducible from that evidence support each and

every element of the charged offense."  Reynolds v.

Commonwealth, 30 Va. App. 153, 163, 515 S.E.2d 808, 813 (1999).

The evidence so viewed established that on August 25, 1999, appellant, Tavares Spratley, Aaron Spratley, the codefendant, and Dionco Byrd were driving in the City of Hopewell. They drove past Kenneth Stith, Lewis Walker and Frederico Harris twice. Walker identified appellant and Aaron Spratley as two of the four people in the car.[1] Harris and Stith were unable to identify any of the four people in the car. A short time after passing them, a car reappeared at the top of the hill. Five or six shots were fired from the driver's side back seat of the vehicle. Stith was hit with a bullet and taken to the hospital. After the shots were fired, the car sped off.

Officers Gregory Peck, Harry Mars, and James Morrison heard the shots and drove toward the sound. Within 30 seconds of hearing the shots, they observed a car travelling at a high rate of speed run a stop sign. The officers initiated a chase of the vehicle that reached speeds of 100 to 110 miles per hour. During the chase, Officer Mars observed "a plain object, which [he] thought was a gun. The first thing that came to [his] mind was a gun after [they] heard shots fired. And then, when it hit the ground it created a spark." Although he saw the object come from the passenger's side, he could not determine whether it

    * Pursuant to Code § 17.1-413, this opinion is not designated for publication.
    [1] Walker indicated he could identify the other two people in the vehicle but they were not present in the courtroom during the trial.

-

came from the front or rear seat.[2] The chase ended when the vehicle crashed in a ditch. The police cars were so close to the crash that the officers reached the vehicle before any of the four men could get out. The rear passenger window was down when the vehicle stopped in the ditch. Appellant was in the front passenger seat, Tavares Spratley was in the driver's seat, Byrd was in the back seat on the driver's side, and Aaron Spratley was in the rear passenger side seat.

Although the officers returned to the area where Mars observed an item thrown from the passenger side of the car, no gun was located. There was very little traffic through this area at the time. Tests for gunpowder residue were performed on all four men and on the car, but no gunpowder residue was found.

A search of the area where the shooting took place revealed a number of 9mm shell casings. No fingerprints were recovered from the casings. No evidence was introduced as to what type of bullet hit Stith. Appellant and codefendant Spratley were convicted of malicious wounding. Appellant appeals from this conviction.

---

[2] Dionco Byrd testified that appellant made a motion towards the window during the chase but did not see appellant throw anything out the window. Dionco Byrd also testified that earlier that day, appellant showed him a small caliber gun.

-

The sole issue raised is whether the evidence was sufficient to convict appellant of maliciously wounding Kenneth Stith.  Appellant contends the Commonwealth failed to prove that appellant fired the gun that injured Stith and the evidence proved only that he was in the vehicle with three other men.

"The burden is upon the Commonwealth . . . to prove beyond a reasonable doubt that [appellant] was the perpetrator of the crimes.  Additionally, circumstantial evidence is as competent, and entitled to the same weight, as direct testimony if such evidence is sufficiently convincing."  Derr v. Commonwealth, 242 Va. 413, 424, 410 S.E.2d 662, 668 (1991).  When the Commonwealth's case rests entirely upon circumstantial evidence, the evidence must not only be consistent with guilt, but it also must exclude every reasonable hypothesis of innocence.  See Clodfelter v. Commonwealth, 218 Va. 619, 623, 238 S.E.2d 820, 822 (1977).  "[T]he circumstantial evidence of criminal agency must 'point unerringly' to the defendant.  [This is] no more and no less than a requirement that the evidence must exclude every reasonable hypothesis of innocence."  Cook v. Commonwealth, 226 Va. 427, 433, 309 S.E.2d 325, 329 (1983).

In the instant case, the evidence proved that appellant was in a vehicle with three other men and a shot was fired from the car.  The shot came from the back seat on the driver's side, where Byrd was sitting.  Appellant was in the front passenger

-

seat.  The gun used in the shooting was never found.  No gunpowder residue was found on appellant or the three other men or in the vehicle.  Thus, at best, the evidence established that appellant was one of four men in a vehicle from which a gun was fired.  Based on the evidence as a whole, the Commonwealth did not prove beyond a reasonable doubt that appellant was the criminal agent.  In fact no evidence placed him in the position of the shooter.  The evidence did not exclude the reasonable hypothesis that one of the three other men in the vehicle fired the gun that injured Stith.  "Suspicion . . . no matter how strong, is insufficient to sustain a criminal conviction." Stover v. Commonwealth, 222 Va. 618, 624, 283 S.E.2d 194, 197 (1981).  Furthermore, the Commonwealth presented no evidence that appellant encouraged, aided or abetted the shooting.[3]

Accordingly, we reverse and dismiss appellant's conviction.

Reversed and dismissed.

---

[3] Although it is true that the Commonwealth established that appellant made a throwing motion toward the window and an officer saw an object, possibly a gun, come out the passenger side window, there was no evidence that the object was a gun. Furthermore, the evidence did not establish that appellant threw anything out the window.  In fact, the open window was in the rear seat, not the front seat where appellant was seated.

-