COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Senior Judge Coleman
Argued at Chesapeake, Virginia


JAMES DOUGLAS GRAVES, JR.

                                        MEMORANDUM OPINION* BY
v.    Record No. 3348-01-1              JUDGE LARRY G. ELDER
                                          JANUARY 14, 2003
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                     Randolph T. West, Judge

             Thomas W. Carpenter (Thomas W. Carpenter,
             P.C., on brief), for appellant.

             Kathleen B. Martin, Assistant Attorney
             General (Jerry W. Kilgore, Attorney General,
             on brief), for appellee.


     James Douglas Graves, Jr., (appellant) appeals from his

bench trial conviction for possession of cocaine in violation of

Code § 18.2-250.  On appeal, he contends the evidence was

insufficient to prove he constructively possessed cocaine found

in a pair of boots which he was not wearing at the time but

which he subsequently admitted were his.  We hold the evidence

was sufficient, and we affirm.

     When considering the sufficiency of the evidence on appeal

of a criminal case, this Court views the evidence in the light

most favorable to the Commonwealth, granting to the evidence all

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

reasonable inferences fairly deducible therefrom.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

"To convict a person of possession of illegal drugs, 'the Commonwealth must prove that the defendant was aware of the presence and character of the drugs and that he intentionally and consciously possessed them.'"  Castaneda v. Commonwealth, 7 Va. App. 574, 583, 376 S.E.2d 82, 86 (1989) (en banc) (quoting Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975)).  Possession need not be actual, exclusive or lengthy in order to support a conviction under Code § 18.2-250; instead, the statute criminalizes possession of illegal drugs of any duration that is constructive or joint.  Gillis v. Commonwealth, 215 Va. 298, 302, 208 S.E.2d 768, 771 (1974); Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc).

Constructive possession of illegal drugs may be proven by "evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control."  Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986).  Neither close proximity to illegal drugs nor occupancy of the premises on which they are found, standing alone, amounts to "possession" of such drugs under Code § 18.2-250; however, both are factors that may be considered in determining whether

- 2 -

possession occurred in a particular case. Castaneda, 7 Va. App. at 583-84, 376 S.E.2d at 87. Such circumstantial evidence may be sufficient to prove possession, as long as it excludes all reasonable hypotheses of innocence flowing from the evidence. Higginbotham, 216 Va. at 352-53, 218 S.E.2d at 537.

We hold the evidence, viewed in the light most favorable to the Commonwealth, was sufficient to prove appellant exercised at least joint constructive possession of the cocaine residue on the spoon. Police discovered the spoon in a sock located in a pair of men's work boots they found beneath a chest at the foot of the bed in the upstairs master bedroom of appellant's residence. Appellant admitted the boots were his, and he wore them to the police station following his arrest.

When police arrived to execute the search warrant for appellant's residence, they found appellant "at the foot of . . . the staircase" of his two-story residence. Appellant had no shoes or boots on at the time, and no evidence established that a pair of shoes or boots was near appellant when the police entered.

Although appellant's wife and another man were inside the residence with appellant when the police first arrived, all three were on the first floor when the police entered the residence, and no one had an opportunity to place anything in the boot after the police arrived. Thus, no evidence supported a hypothesis that someone placed the spoon there out of fear

that the police entering to execute the search warrant would find it on his or her person, and the only reasonable hypothesis was that appellant placed the spoon in the shoes, which he admitted were his, at some time prior to the arrival of the police.

Further, appellant implicitly indicated an awareness of the presence of the spoon and residue in his boot. The evidence established that when Detective D.E. Flythe took the boots downstairs, the following exchange took place:

> APPELLANT: Where are you going with my boots?
>
> DETECTIVE FLYTHE: These are your boots?
>
> APPELLANT: Yeah.
>
> DETECTIVE FLYTHE: You know you're under arrest for possession of cocaine?
>
> APPELLANT: Those aren't my boots.

Appellant, when told he was under arrest for possession of cocaine, immediately disclaimed ownership of the boots, showing an awareness of the fact that it was the cocaine residue inside the boots that led to his arrest for possessing cocaine.

For these reasons, we hold the only hypothesis flowing from the evidence is that appellant exercised constructive possession of the cocaine residue on the spoon found inside his boot. Thus, we affirm the challenged conviction.

<u>Affirmed.</u>

- 4 -

Benton, J., dissenting.

The trial judge convicted Graves on circumstantial evidence of constructive possession. To prove that an accused constructively possessed a controlled substance, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984). Furthermore, Code § 18.2-250 could not be clearer: "Upon the prosecution of a person [for possession of a controlled substance], ownership or occupancy of premises . . . upon or in which a controlled substance was found shall not create a presumption that such person either knowingly or intentionally possessed such controlled substance."

> [W]ell established principles apply to testing the sufficiency of circumstantial evidence . . . .
>
> "[I]f the proof relied upon by the Commonwealth is wholly circumstantial, as it here is, then to establish guilt beyond a reasonable doubt all necessary circumstances proved must be consistent with guilt and inconsistent with innocence. They must overcome the presumption of innocence and exclude all reasonable conclusions inconsistent with that of guilt. To accomplish that, the chain of necessary circumstances must be unbroken and the evidence as a whole must satisfy the guarded judgment that both the corpus delicti and the criminal agency of the accused have been proved to the exclusion of any other

- 5 -

> rational hypothesis and to a moral
> certainty."
>
> But, circumstances of suspicion, no
> matter how grave or strong, are not proof of
> guilt sufficient to support a verdict of
> guilty. The actual commission of the crime
> by the accused must be shown by evidence
> beyond a reasonable doubt to sustain his
> conviction.

Clodfelter v. Commonwealth, 218 Va. 619, 623, 238 S.E.2d 820,

822 (1977) (citations omitted).

The evidence failed to prove which of the three persons in

the downstairs living room had been in the upstairs bedroom

where Graves's work boots were located. No evidence established

when Graves arrived home or when he had last worn his work

boots. No evidence proved the sock found in the boots was

Graves's sock. Although, as the majority notes, none of the

three individuals had the opportunity to hide the spoon in the

boots after the police arrived, no evidence proved one of them

could not have put the spoon in the boots before the police

arrived. Furthermore, we cannot naively presume drug users

attempt to hide their drug paraphernalia only from the police.

The evidence failed to exclude the possibility that Graves's

wife or the visitor possessed the cocaine residue found on the

spoon.

I do not agree that Graves's statements implicitly

indicated an awareness of the existence of the cocaine. The

detective who seized the boots testified that other officers

- 6 -

removed the spoon and sock from the boots before he took the boots downstairs where Graves, Graves's wife, and the other man were detained.  The detective testified that he carried the boots downstairs "[t]o get [Graves] to say that they were his boots."  The detective further testified as follows:

> Q  Did you at any point inform him that you had found anything in the boots?
>
> A  Yes, sir.
>
> Q  Okay.  When was that?
>
> A  Right after he said, "Where are you going with my boots?"
>
> Q  Had he been shown the object prior to that?
>
> A  No, sir.
>
> Q  Had the group been shown the object prior to that?
>
> A  No, sir.
>
> Q  Had the group or Mr. Graves individually been shown any objects recovered in this search?
>
> A  As I said, no, sir, not that I recall, sir.
>
> Q  When you came downstairs with the boots, would it be fair to characterize Mr. Graves' reaction as one of surprise that you had his boots?
>
> A  Mr. Graves was a little hostile that day, so he was probably mad at us.

Within the context of these events, the evidence merely proved that Graves attempted to disassociate himself from the boots after the detective informed him they found a spoon with

cocaine residue in the boots. Furthermore, the only link that potentially connects Graves and the cocaine is his ownership of the boots. That link, however, is insufficient to prove he possessed the cocaine.

> [I]n order for ownership or occupancy of property . . . to be sufficient to support the inference that the owner or occupant also possessed contraband that was located on the property or in the [property], the owner or occupant must be shown to have exercised dominion and control over the premises and to have known of the presence, nature, and character of the contraband at the time of such ownership or occupancy.

Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81, 83-84 (1992). The evidence did not prove Graves was aware of the spoon with the cocaine residue before the detective informed him of it.

While suspicious, the evidence in the record fails to exclude the reasonable hypothesis that Graves's wife or friend used the cocaine in the bedroom and deposited the spoon in the sock. "While a conviction may be properly based upon circumstantial evidence, suspicion or even probability of guilt is not sufficient." Gordon v. Commonwealth, 212 Va. 298, 300, 183 S.E.2d 735, 737 (1971).

For these reasons, I would reverse the conviction