# 𝕽𝔦𝔠𝔥𝔪𝔬𝔫𝔡

ASHLEY POWERS V. COMMONWEALTH OF VIRGINIA.

May 1, 1944.

Record No. 2832.

Present, All the Justices.

670

The opinion states the case.

*S. H. & Geo. C. Sutherland*, for the plaintiff in error.

*Abram P. Staples, Attorney General,* and *M. Ray Doubles, Assistant Attorney General,* for the Commonwealth.

SPRATLEY, J., delivered the opinion of the court.

Ashley Powers was tried and convicted on a warrant charging that he did "unlawfully have in his possession illegally acquired whiskeys in excess of one gallon, * * * ." A jury fixed his fine at $50, the minimum punishment therefor. He asks us to reverse the judgment entered thereon on the grounds that the court erred in the admission of evidence, in granting certain instructions, and in refusing to set aside the verdict of the jury, because it was not supported by the evidence and was contrary to the law and the evidence.

The evidence consists of the testimony of three officers of the Commonwealth and the whiskey seized by them. The defendant did not testify.

On September 18, 1943, L. T. Younce, an investigator for the Virginia Alcoholic Beverage Control Board, H. L. Lane,

an employee in the division of enforcement of that board, and Jack Turner, a member of the State police force, searched the premises of a building located on a State highway in Dickenson county, Virginia. They found on the premises sixteen half-pint bottles and one quart bottle of whiskey bearing Kentucky stamps and two quart bottles of whiskey bearing tax stamps of the Virginia A. B. C. Board. U. S. Internal Revenue stamps were attached to each of the containers. The premises were located about eighteen miles from East Jenkins, Kentucky, where whiskey can be lawfully purchased.

There were present on the premises when the search was made Ashley Powers, the accused, and a woman named Effie Deel. Powers was arrested and the liquor seized.

The building had three rooms, a front room on the entire front, used as a confectionery store for the sale of candy, cigarettes, soft drinks, etc., a back room used as a bedroom, and a kitchen in the rear. In the last room there was a stove, frigidaire, and other kitchen furniture and a dresser or folding bed. The sixteen half-pint bottles of whiskey, bearing unbroken Kentucky stamps, were found in the bedroom in a dresser drawer. The three quart bottles were found in the kitchen, in plain view, on top of the dresser or folding bed.

Over the defendant's objection that it was hearsay and opinion evidence, Younce was allowed to testify that he "understood the defendant runs the place and everybody says he runs the place. I know he is there and operates the place. I have been there two or three times before and he was there; but I can't say I ever saw him do anything around there."

On cross-examination, he stated that he never saw the defendant waiting on the trade or doing anything during the time or two he had bought cigarettes there; that a woman was in the kitchen where the whiskey was found, sweeping and at work, when the search was made; and that he did not know whether the woman was defendant's wife or was running the place.

Turner said that he lived in sight of the place four or five months early in the year 1943, and that he often saw the defendant waiting on the trade and he seemed to be in charge. He had also observed the presence of Effie Deel on the premises during all of that time. He further stated that on the day before the search, at Pound, in Wise county, five miles from the Dickenson county line and nine miles from the premises searched, he looked in an automobile in which Ashley Powers and Effie Deel occupied the front seat, and found at their feet in the car twenty half-pints and two quarts of whiskey, bearing Kentucky stamps, and the same kind of whiskey as the sixteen half-pints and the one quart, bearing Kentucky stamps, seized in the search of the building.

Over the objection of the accused that the evidence was irrelevant, immaterial, prejudicial, and not a subject for expert testimony, Lane was permitted to testify that the sixteen half-pint bottles and one quart bottle of whiskey found in the house did not bear the stamps required under the law of Virginia, and that it appeared to him that the other two quart bottles, bearing Virginia A. B. C. Board stamps, had been tampered with by being loosened or taken off and pasted back several times.

The prosecution was based on the provisions of Virginia Code, 1942 (Michie), section 4675 (50)*, which we analyzed and construed in *Sutherland* v. *Commonwealth*, 171

---

*Section 4675 (50)—"If any person, other than a common carrier, shall have, possess, keep, carry, ship or transport alcoholic beverages which have been illegally acquired by such person or any person for whom he is acting, he shall be guilty of a misdemeanor.

"Spirits in the possession of any person and in containers not bearing the required government stamps or seals shall be deemed for the purposes of this act to have been illegally acquired.

"Alcoholic beverages in the possession of any person in amounts in excess of one gallon, in containers not bearing stamps or other evidence showing the same to have been purchased from the board or a person licensed to sell the same under the provisions of this act or other evidence that the tax due to the Commonwealth of Virginia or the markup required by Virginia Alcoholic Beverage Control Board has been paid, shall be deemed for the purposes of this act to have been illegally acquired."

Va. 485, 198 S. E. 452, and *Miller* v. *Commonwealth,* 172 Va. 639, 2 S. E. (2d) 343.

The *Sutherland Case, supra,* hinged on proof of possession of unstamped ardent spirits found on premises occupied by more than one person. We held that the mere presence of liquor on the premises of an owner or occupant was not sufficient, in the absence of statute, to overcome the presumption of the innocence of the defendant occupant.

The facts in *Miller's Case, supra,* necessitated a consideration of the first three paragraphs of section 4675 (50). We there said that the first paragraph was a rule of substantive law dealing with the offense of unlawful possession, and that the second and third paragraphs declared a rule of evidence to establish proof of an essential element of the crime of possession, that is, the element of illegal acquisition, and that both proof of possession and proof of illegal acquisition were necessary to constitute the crime. The presumption of the second and third paragraphs of the statute were placed upon the same plane, each of them relating to the weight and value to be attached to evidence of the circumstances or situations specified. We accordingly held that, under the second paragraph of the section, the possession of ardent spirits not bearing the required government stamps or seals constituted a fact or circumstance creating a legal presumption, which, standing alone, unexplained or unrebutted, was sufficient to prove illegal acquisition.

The broad police powers of Virginia respecting the control, possession, and transportation of alcoholic beverages within its borders have been upheld recently by the Supreme Court of the United States in *Carter* v. *Commonwealth of Virginia,* 321 U. S. 131, 64 S. Ct. 464, 88 L. Ed. 387, affirming *Carter* v. *Commonwealth,* 181 Va. 306, 24 S. E. (2d) 569, and *Dickerson* v. *Commonwealth,* 181 Va. 313, 24 S. E. (2d) 550.

The first question in this case is as to the admission of the evidence of the witness, Younce, that he "understood the defendant runs the place and everybody says he runs the place." The last clause of the statement was hearsay evi-

dence, an extrajudicial statement, dependent upon the veracity and competency of some other person or persons. It lacked the sanctity of the oath and the test of the cross-examination of such person or persons.

■ As a general rule, hearsay evidence is inadmissible. The statement of Younce does not come within any well defined exception to that rule. *Taliaferro* v. *Pryor*, 12 Gratt. (53 Va.) 277; *Atlantic Coast Line R. Co.* v. *Caple*, 110 Va. 514, 66 S. E. 855; Vol. 5 Digest of Va. and W. Va. Reports (Michie) page 339, *et seq.*; 9 Va. and W. Va. Digest (West) page 173 *et seq.*

■ "As a general rule, hearsay or general reputation is not competent evidence of the ownership, possession, control, or proprietorship of property on premises." 22 C. J. S., Criminal Law, section 727.

■ We cannot say what effect the hearsay evidence may have had upon the minds of the jurors. Especially is this true when the evidence was entirely circumstantial. It may have been highly prejudicial, and for that reason it was error to allow its admission for the consideration of a jury.

■ ■ There is no merit in the objection to the testimony of Lane. It merely directed the attention of the jury to the condition of the Virginia stamps, a situation which may or may not have required expert testimony. If the jury could see the condition as well as the witness, it was a matter of common knowledge. If they could not, the qualification of the witness as an expert rested largely in the discretion of the trial court, and is not subject to review since it does not appear that he was so qualified. *Virginia Iron, etc., Co.* v. *Tomlinson*, 104 Va. 249, 51 S. E. 362.

We now come to the sufficiency of the proof of possession. After giving all competent evidence the most careful consideration, we conclude that the circumstances fall short of excluding to a moral certainty any hypothesis but that of the guilt of the accused.

■ The mere finding of the liquor upon the premises occupied by him and another created no presumption of law that he was in the possession of it, either individually, or

jointly with such other person. There was no positive evidence of the possession of it by him. The circumstances were suspicious, to say the least; but circumstances of suspicion, no matter how grave or strong, are not proof of guilt sufficient to support a verdict of guilty. The actual commission of the crime by the accused must be shown by evidence beyond a reasonable doubt to sustain his conviction.

The Alcoholic Beverage Control Act, Code of Virginia, 1942 (Michie), section 4675 (1) *et seq.*, (chapter 94 Acts of Assembly, as amended), permits the possession of alcoholic beverages when the same have been lawfully acquired. Section 4675 (61) (c). It permits, under certain restrictions and conditions, the importation of an amount not to exceed one gallon, when the same is not for resale. Section 4675 (58) (d). If, however, its containers do not bear the required government stamps or seals, or if more than one gallon be possessed in containers not bearing stamps or other evidence showing the same to have been purchased from the A. B. C. Board or a person licensed to sell the same under the provisions of the Act, it is deemed, for the purposes of the Act, to have been illegally acquired. Section 4675 (50).

Thus, the absence of the required stamps or evidence is made a test of the means and methods of its acquisition, and when, in one of the specified situations, possession of more than a gallon has been proven, the burden of showing that it has been lawfully acquired is put upon the possessor. The presumption created by law is sufficient to establish guilt of illegal acquirement, unless the possessor overcome it by explanatory or contradictory evidence.

Powers might have possessed a gallon of the liquor found in the automobile and Effie Deel the remainder, without any legal presumption that either illegally acquired it. Turner evidently knew that to be the law, for he did not arrest either of them. He might have owned a smaller part of it or none of it. It may or it may not have been a part of the same liquor found the next day on the premises searched. It may be strongly suspected that it was, but that is only a

suspicion. He may have owned all or only a part of the liquor seized. That the evidence does not tell us.

██ ██ The liquor was found in different rooms. We do not know who occupied the different rooms. The fact that Effie Deel was working on the premises did not operate to deprive her of the right or privilege to possess liquor lawfully acquired. The evidence is thus equally susceptible to the conclusion that Effie Deel owned the liquor or a part of it, as that Powers had similar ownership. Under the statute, there was no presumption of illegal acquirement by the defendant, unless and until it had been established by satisfactory and competent evidence that he possessed more than a gallon.

The failure to prove beyond a reasonable doubt that the defendant possessed more than one gallon of the liquor in question is fatal to the Commonwealth's case.

██ Our conclusions upon the effect of the admission of improper evidence, upon the probative value of the remaining evidence, and what we have said in *Sutherland* v. *Commonwealth, supra; Miller* v. *Commonwealth, supra;* and *Smith* v. *Commonwealth, ante,* p. 585, this day decided, make it unnecessary to burden this opinion with a discussion of the objections to certain instructions. It is sufficient to say that instructions should be framed to state the law applicable to the particular facts which the evidence tends to prove.

For the foregoing reasons, the judgment of the trial court is reversed, the verdict of the jury set aside, and this case remanded for a new trial, if the Commonwealth deems a new trial necessary and proper.

*Reversed and remanded.*