COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Agee and Senior Judge Hodges
Argued at Chesapeake, Virginia


WALLACE L. WILSON, III

MEMORANDUM OPINION[*] BY
v.    Record No. 1072-00-1          JUDGE G. STEVEN AGEE
                                    MARCH 13, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Von L. Piersall, Jr., Judge

Joseph R. Winston, Special Appellate Defender
(Public Defender Commission, on brief), for
appellant.

Leah A. Darron, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Wallace L. Wilson, III (defendant) was convicted and

sentenced in the Circuit Court of the City of Portsmouth for

possession of a firearm while in possession of cocaine in

violation of Code § 18.2-308.4, possession of cocaine with

intent to distribute in violation of Code § 18.2-248 and

obstruction of justice in violation of Code § 18.2-460(C).  He

appeals those convictions averring that the evidence was

insufficient to support the convictions.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

For the reasons set forth below, we affirm the convictions for possession under Code §§ 18.2-308.4 and 18.2-248, but reverse the conviction for obstruction of justice.

I.

On the evening of November 4, 1999, Portsmouth Police Officer R.G. Suggs was on routine patrol when he observed the defendant driving a vehicle with a broken taillight. The defendant and his passenger parked, exited the car and began walking away when Officer Suggs pulled in behind the vehicle.

Officer Suggs told the defendant that he intended to run a status check on the defendant's driver's license. The defendant did not have his license, but verbally provided Officer Suggs with a name, birth date and social security number.

Officer Suggs' computer check came back "not on file," and the defendant replied that Officer Suggs had gotten his information wrong. As Officer Suggs was obtaining additional information from the defendant for another check, Officer W.G. Culpepper arrived and walked to the passenger side of the defendant's vehicle. Officer Culpepper shined his flashlight through the vehicle's window and observed, in plain view, on top of the ashtray, a folded dollar bill and a red straw. Officer Culpepper also detected, from his view, a residue on the observed item that he concluded to be cocaine or heroin.

Officer Culpepper asked the defendant if the "heroin straw" belonged to him, and the defendant responded that the "cocaine

-

straw" belonged to his passenger who had earlier left the area at Officer Suggs' request. The defendant then agreed to allow Officer Culpepper to search the vehicle.

Officer Culpepper proceeded to the driver's side of the car, shined his light inside and observed the open end of a plastic bag under the front seat armrest. The bag was right beside the driver's seat opened toward the driver. Just as Officer Culpepper leaned inside the car and grabbed the plastic bag, the defendant "took off running." Officers Suggs and Culpepper pursued the defendant, apprehending him after a quarter mile chase.

When Officer Culpepper returned to the vehicle, he found that the observed bag contained a large chunk of cocaine and two other bags with a smaller amount of cocaine powder. The officer also found, underneath the cocaine bag, a loaded handgun. A subsequent search of the defendant's person revealed $84 in cash and a razor blade. In addition, Officer Suggs determined that the vehicle did not belong to the defendant, however it had not been reported stolen.

At trial, an expert testified that the chunk of cocaine weighed 3.5 grams, with a street value of $350, and the cocaine powder had a total weight of 1 gram with a street value of $100. The expert also testified that the circumstances of the case were inconsistent with personal use.

-

The defendant testified that he knew nothing about the gun, the dollar bill, the straw or the cocaine. He knew his passenger by his first name, but had no personal relationship with him. He claimed he did not know the location of the passenger at the time of trial.

The defendant further testified that he told Officer Culpepper that the "cocaine straw" was not his, but denied telling him it belonged to his passenger. He testified he did not see the "cocaine straw" as he exited the car and that his passenger remained in the car several seconds after his exit. The defendant testified that Officer Suggs was mistaken when he testified that the defendant and the passenger had exited the car at the same time.

The defendant also testified that he fled because he had a suspended driver's license. He admitted, however, that he did not run until Officer Culpepper had leaned into the car to retrieve the observed bag.

## II.

When the sufficiency of the evidence is challenged, we consider all the evidence, and any reasonable inferences fairly deducible therefrom, in the light most favorable to the party that prevailed at trial, which is the Commonwealth in this case. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). Witness credibility, the weight accorded the testimony and the inferences to be drawn from proven facts are

-

matters to be determined by the fact finder.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). A trial court's judgment is not to be disturbed on appeal unless it is plainly wrong or without evidence to support it.  See Code § 8.01-680.

It is well-established that circumstantial evidence is just as competent and entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.  Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).  The Commonwealth's evidence, however, need not affirmatively disprove all theories which might negate the conclusion that the defendant committed the crimes; the conviction will instead be sustained if the evidence excludes every reasonable hypothesis of innocence.  Higginbotham, 216 Va. at 353, 218 S.E.2d at 537. Whether an alternative hypothesis of innocence is reasonable is a question of fact, binding on appeal unless plainly wrong. Archer v. Commonwealth, 26 Va. App. 1, 12-13, 492 S.E.2d 826, 831-32 (1997).

To convict someone of illegal possession of illicit drugs, the Commonwealth must prove the defendant was aware of the presence and character of the drug and that he consciously possessed it.  Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975).  However, actual possession of the controlled substance is not required; constructive possession

-

will suffice.  The "acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control" prove constructive possession.  Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986).

Possession of significant sums of cash and drugs, items routinely classified as tools of the drug trade, the manner in which the drugs are packaged and testimony that the quantity and packaging of the drugs in question is consistent with dealing in the local drug trade are all significant factors when determining whether the evidence supports a finding of both possession and an intent to distribute.  White v. Commonwealth, 24 Va. App. 446, 452-53, 482 S.E.2d 876, 879 (1997) (citations omitted).  It is "universally conceded that the fact of an accused's flight . . . and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself."  Langhorne v. Commonwealth, 13 Va. App. 97, 102, 409 S.E.2d 476, 480 (1991).

"[P]roof that a person is in close proximity to contraband is a relevant fact that, depending on the circumstances, may tend to show that, as an owner or occupant of property or of a vehicle, the person necessarily knows of the presence, nature and character of a substance that is found there."  Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992).

-

In the instant case, the bag containing drugs was opened toward the driver's side of the car, the defendant was in possession of cash and a razor blade, and identified the straw found by Officer Culpepper as a "cocaine straw." Moreover, the defendant ran from the scene contemporaneous with Officer Culpepper leaning into the car close to the items located under the armrest. "Flight following the commission of a crime is evidence of guilt . . . ." Clagett v. Commonwealth, 252 Va. 79, 93, 472 S.E.2d 263, 271 (1996).

Furthermore, the gun was found in the same location as the drugs. "[F]irearms are recognized as tools of the drug trade, the possession of which are probative of intent to distribute." Glasco v. Commonwealth, 26 Va. App. 763, 775, 497 S.E.2d 150, 156 (1998), aff'd, 257 Va. 433, 513 S.E.2d 137 (1999).

From the totality of these circumstances, the trial judge could conclude beyond a reasonable doubt that the defendant constructively possessed the drugs with the intent to distribute and the gun in conjunction with the drugs.

### III.

The defendant was also indicted and convicted under the felony obstruction of justice statute, Code § 18.2-460(C). This statute provides inter alia:

> If any person by threats of bodily harm or force knowingly attempts to intimidate or impede a . . . law enforcement officer . . . or to obstruct or impede the administration

-

>     of justice in any court . . . he shall be
>     guilty of a Class 5 felony.

Code § 18.2-460(C) (emphasis added).

The Commonwealth argued on brief that the incorrect information allegedly given by the defendant to Officer Suggs was sufficient to convict him under subsection (A) of Code § 18.2-460, the misdemeanor provision which requires that a person "knowingly obstructs . . . a law enforcement officer." However, the defendant was convicted under the felony provision, subsection (C), not the misdemeanor provision. Notwithstanding that the Commonwealth's argument goes to the wrong statute, it would fail in any event under Ruckman v. Commonwealth, 28 Va. App. 428, 505 S.E.2d 388 (1998).

Ruckman holds that conflicting or incorrect statements to the investigating officer do not "obstruct" the officer in the performance of his duties as contemplated by Code § 18.2-460(A). Id. at 431, 505 S.E.2d at 390. As the defendant's alleged statements to Officer Suggs would not sustain a conviction under the misdemeanor subsection, then ä fortiori Ruckman bars a conviction under the felony provision of Code § 18.2-460(C) for similar acts.

The felony provision requires "threats of bodily harm or force" by the defendant to prove obstruction of justice. The Commonwealth argues the defendant's flight from the scene is such an action. This contention is plainly wrong as the

-

long-standing precedent of <u>Jones v. Commonwealth</u>, 141 Va. 471,
126 S.E. 74 (1925), reveals:  "to escape an officer by running
is not such an obstruction as the law contemplates."  <u>Id.</u> at
478, 126 S.E. at 75-76.

The record being devoid of any evidence that the defendant
"by threats of bodily harm or force knowingly attempted to
intimidate or impede the officers," there is clearly no evidence
to support the conviction of obstruction of justice.

IV.

The defendant's convictions under Code § 18.2-308.4 and
Code § 18.2-248 are hereby affirmed.  The conviction under Code
§ 18.2-460(C) is hereby reversed and dismissed.

<u>Affirmed in part,</u>
<u>reversed in part.</u>

-

Benton, J., concurring and dissenting.

I concur in Part III of the opinion reversing the conviction for obstruction of justice. I dissent from Part II of the opinion and, for the reasons that follow, I would reverse the convictions for possession of cocaine with intent to distribute and possession of the firearm.

Code § 18.2-250 is very explicit. "Upon the prosecution of a person [for possession of a controlled substance], ownership or occupancy of . . . [a] vehicle upon or in which a controlled substance was found shall not create a presumption that such person either knowingly or intentionally possessed such controlled substance." Id. To prove beyond a reasonable doubt that an accused constructively possessed a controlled substance, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984).

> [W]ell established principles apply to testing the sufficiency of circumstantial evidence.
>
> *       *       *       *       *       *       *
>
> "[I]f the proof relied upon by the Commonwealth is wholly circumstantial, as it here is, then to establish guilt beyond a reasonable doubt all necessary circumstances proved must be consistent with guilt and

-

inconsistent with innocence.  They must overcome the presumption of innocence and exclude all reasonable conclusions inconsistent with that of guilt.  To accomplish that, the chain of necessary circumstances must be unbroken and the evidence as a whole must satisfy the guarded judgment that both the corpus delicti and the criminal agency of the accused have been proved to the exclusion of any other rational hypothesis and to a moral certainty."

But, circumstances of suspicion, no matter how grave or strong, are not proof of guilt sufficient to support a verdict of guilty.  The actual commission of the crime by the accused must be shown by evidence beyond a reasonable doubt to sustain his conviction.

Clodfelter v. Commonwealth, 218 Va. 619, 623, 238 S.E.2d 820, 822 (1977) (citations omitted).

The evidence proved that the vehicle Wallace L. Wilson was driving was not his vehicle and was not stolen.  Officer Suggs testified that Wilson and another man exited the vehicle after it stopped.  Officer Suggs could not see inside the vehicle before it stopped and, therefore, had no basis to know who owned or handled the items later found in the vehicle.  Officer Suggs did not testify that the other man exited the vehicle before Wilson.  The other man walked away after Officer Suggs ordered him to do so.

No evidence proved whether the vehicle belonged to the other man.  The evidence does prove, however, that when Officer Suggs told Wilson that he needed to speak to him about the

-

vehicle's broken lens, the other man attempted to speak to Officer Suggs.  Officer Suggs told the other man to leave without ascertaining whether he owned the vehicle.  Obeying Officer Suggs, the other man walked away.

When Officer Culpepper arrived and looked in the vehicle, the other man was not present.  In response to the officers' inquiry, Wilson said that he had no drugs or weapons.  Officer Culpepper testified that he looked in the vehicle and saw a straw in the ashtray.  When he asked Wilson "if that was his heroin straw in the ashtray," Wilson denied that it was his and said it belonged to the other man.  At Officer Culpepper's request, Wilson gave the officers permission to search the vehicle.

No evidence proved that Wilson knew the bag of cocaine was under the armrest or knew the gun was under the bag under the armrest.  Indeed, Wilson's statements to the officers were that he was unaware of any drugs or weapons in the vehicle.  Officer Culpepper first searched the car and saw the bag when he used his search light to illuminate the car.  Later, Officer Suggs discovered the gun from under the same armrest that covered the bag.  No evidence proved Wilson was aware of those items.  "To sustain a conviction for possession of a controlled substance in violation of Code § 18.2-250, the evidence must prove beyond a reasonable doubt that the accused was aware of the presence and character of the controlled substance." Jones v. Commonwealth,

-

17 Va. App. 572, 574, 439 S.E.2d 863, 864 (1994).  The fact that the bag was "opened toward" the driver's side is as consistent with the other man holding the bag and placing it under the armrest as it is with Wilson placing it.  Moreover, no evidence excludes the hypothesis it was left there by the owner of the vehicle.

Wilson told the officers that the straw in the ashtray belonged to the other man.  He denied that he had drugs or contraband and allowed the officer to search.  Wilson's statements denying ownership clearly are not evidence tending to show that he exercised dominion and control over the straw with cocaine or the other items.  See Wright v. Commonwealth, 217 Va. 669, 670-71, 232 S.E.2d 733, 733-34 (1977).  Likewise, permitting a search of the vehicle is not conduct that evidences guilt.  As in Jones, where the accused did not possess the items and was only in proximity to them, the trier of fact could attribute those items to Wilson "[o]nly by drawing an impermissible inference of knowledge from [Wilson's] mere proximity to [those items]."  17 Va. App. at 574, 439 S.E.2d at 864.

Although the law clearly indicates that flight may be conduct that evidences guilt, the record in this case proves that Wilson had other reasons to cause him to flee.  He was driving without a license, and he had been confronted with discovery of the other man's cocaine straw in the vehicle.

-

Under these circumstances, the inference to be drawn from his flight is equivocal.  Such evidence is not wholly consistent with guilt of the charged offense and wholly inconsistent with innocence of that offense.  See Scruggs v. Commonwealth, 19 Va. App. 58, 61, 448 S.E.2d 663, 664 (1994).

Even if it is probable that the drugs and the gun found in the vehicle belonged to Wilson, probability of guilt is insufficient to warrant a criminal conviction.  Crisman v. Commonwealth, 197 Va. 17, 21, 87 S.E.2d 796, 799 (1955).  Suspicious circumstances "'no matter how grave or strong, are not proof of guilt sufficient to support a verdict of guilty.  The actual commission of the crime by the accused must be shown by evidence beyond a reasonable doubt to sustain his conviction.'"  Id. (quoting Powers v. Commonwealth, 182 Va. 669, 676, 30 S.E.2d 22, 25 (1944)).  Suspicious circumstances alone are not sufficient to prove knowing possession of a controlled substance.  Id.

"When, from the circumstantial evidence, 'it is just as likely, if not more likely,' that a 'reasonable hypothesis of innocence' explains the accused's conduct, the evidence cannot be said to rise to the level of proof beyond a reasonable doubt."  Littlejohn v. Commonwealth, 24 Va. App. 401, 414, 482 S.E.2d 853, 859 (1997) (citation omitted).  The evidence does not exclude the hypothesis that the drugs and the gun were put under the armrest by the other man or the owner of the vehicle,

-

who may have been the other man.  Moreover, no evidence proved that Wilson was aware of the presence of those items.  "Because there exists a hypothesis of innocence consistent with the circumstantial evidence in this case, we [must] reverse the conviction for possession [of the gun and] of cocaine with intent to distribute and dismiss the indictment."  Scruggs, 19 Va. App. at 62-63, 448 S.E.2d at 665-66.