COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Bumgardner
Argued at Richmond, Virginia


COREY EVANDER JOHNSON

                                   MEMORANDUM OPINION* BY
v.    Record No. 2023-00-2         JUDGE RUDOLPH BUMGARDNER, III
                                        AUGUST 7, 2001
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
              Buford M. Parsons, Jr., Judge Designate

          Douglas A. Ramseur (Bowen, Bryant, Champlin &
          Carr, on brief), for appellant.

          Marla Graff Decker, Assistant Attorney
          General (Mark L. Earley, Attorney General;
          John H. McLees, Jr., Senior Assistant
          Attorney General, on brief), for appellee.


     The trial court convicted Corey Evander Johnson of

possession of marijuana, possession of cocaine with intent to

distribute, possession of heroin with intent to distribute, and

of driving under the influence.  He appeals only the cocaine and

heroin convictions arguing the evidence was insufficient to

prove that he knowingly and intentionally possessed cocaine or

heroin, or that he intended to distribute them.  Concluding the

evidence permitted those findings, we affirm.

     Officer Jonathan Mondrey stopped the defendant at 2:21 a.m.

for speeding 114 miles per hour.  No one else was in the car,

───────────────

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

and the officer smelled alcohol coming from the vehicle as he approached it. After conducting field sobriety tests, the officer arrested the defendant for driving under the influence.

Following the arrest, the officer searched the defendant's car. As he opened the driver's door, the officer saw what he believed to be a plastic bag of marijuana. It was "sticking up out of the pocket" of the driver's door. The pocket had a spring-loaded lid which could not fully close because the bag of marijuana was protruding from it. The officer found more drugs in the same compartment once he removed the marijuana. A small corner baggie contained a white substance, which the officer believed was cocaine. That baggie also contained three smaller corners of crack cocaine. A cigar case broken in half contained eighteen individually wrapped baggies of crack cocaine in one half and seven aluminum foil packets of heroin and a baggie corner of heroin in the other half.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted). The marijuana was plainly visible, sticking out of the pocket of the door whenever that door was opened. The defendant was the driver and would have opened that door when he entered the car. If the marijuana was immediately

visible to the officer upon opening the door, it would have been visible to the defendant when he opened the door.

When the door was closed, the compartment was immediately adjacent and accessible to the driver. It was, and was designed to be, a convenient place for the driver to secure items. The defendant was both driver and sole occupant. No evidence suggested anyone else had access to the car or the compartment. An accused's presence in a vehicle "where illicit drugs were discovered is a circumstance that may be considered together with other evidence tending to prove" that he "exercised dominion and control over items in the vehicle . . . in order to prove that [he] constructively possessed the contraband." Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992) (citation omitted). The evidence permits the reasonable conclusion that the defendant either put the marijuana in the pocket himself or saw it and knew of it.

The evidence also permits the reasonable conclusion that the cocaine and heroin were linked with the marijuana and all part of one cache. The drugs were carelessly stuffed in the pocket so they spilled out and remained easily visible because the lid could not close. The manner and place of secreting the drugs permitted the inference that one individual had used that compartment to stash a single hoard of drugs. "Furthermore, proof that a person is in close proximity to contraband is a relevant fact that, depending on the circumstances, may tend to

- 3 -

show that . . . [as the car's sole occupant, the defendant] necessarily knows of the presence, nature, and character of a substance that is found there."  Id.  See Hamilton v. Commonwealth, 16 Va. App. 751, 754, 433 S.E.2d 27, 28 (1993) (defendant's proximity to drugs and occupancy in car are factors to consider).

Constructive possession of illegal contraband "may be established by . . . 'facts or circumstances which tend to show that the defendant was aware of both the presence and the character of the substance and that it was subject to his dominion and control.'"  Logan v. Commonwealth, 19 Va. App. 437, 444, 452 S.E.2d 364, 368-69 (1994) (en banc) (citation omitted). We conclude the evidence sufficiently proves beyond a reasonable doubt that the defendant possessed the marijuana, cocaine, and heroin in the pocket of the driver's door.

Circumstantial evidence is often necessary to prove a person's intent to distribute.  "Such evidence may include the quantity of drugs and cash possessed and whether appellant used drugs."  Welshman v. Commonwealth, 28 Va. App. 20, 37, 502 S.E.2d 122, 130 (1998) (en banc) (citation omitted).  The Commonwealth presented evidence that the amount and packaging of the cocaine and heroin were inconsistent with personal use.  The officer did not find any devices used to ingest cocaine or heroin.  "[T]he absence of paraphernalia suggestive of personal use . . . [is] regularly recognized as [a] factor[] indicating

an intent to distribute." Id. (citation omitted).  The variety of packaged drugs was consistent with an inventory for sale rather than a supply for personal use.  A reasonable conclusion from the evidence was that the defendant possessed the assortment of drugs for distribution.

The expert witness conceded that the lack of a pager, cellular phone, scales, or cash could suggest personal use.  However, the finder of fact resolves conflicts in the evidence and from that evidence draws the inferences.  "The fact finder, who has the opportunity to see and hear the witnesses, has the sole responsibility to determine their credibility, the weight to be given their testimony, and the inferences to be drawn from proven facts."  Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998) (citations omitted).  "If there is evidence to support the conviction, the reviewing court is not permitted to substitute its judgment, even if its view of the evidence might differ from the conclusions reached by the finder of fact at the trial."  Id. (citations omitted).

The evidence was sufficient to prove beyond a reasonable doubt that the defendant was guilty of possession of cocaine with intent to distribute and of possession of heroin with intent to distribute.  Accordingly, we affirm the convictions.

Affirmed.

Benton, J., dissenting.

To prove beyond a reasonable doubt that an accused constructively possessed a controlled substance, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984). Furthermore, Code § 18.2-250 could not be clearer: "Upon the prosecution of a person [for possession of a controlled substance], ownership or occupancy of . . . [a] vehicle upon or in which a controlled substance was found shall not create a presumption that such person either knowingly or intentionally possessed such controlled substance."

> [W]ell established principles apply to testing the sufficiency of circumstantial evidence. . . .
>
> "[I]f the proof relied upon by the Commonwealth is wholly circumstantial, as it here is, then to establish guilt beyond a reasonable doubt all necessary circumstances proved must be consistent with guilt and inconsistent with innocence. They must overcome the presumption of innocence and exclude all reasonable conclusions inconsistent with that of guilt. To accomplish that, the chain of necessary circumstances must be unbroken and the evidence as a whole must satisfy the guarded judgment that both the corpus delicti and the criminal agency of the accused have been proved to the exclusion of any other rational hypothesis and to a moral certainty."

- 6 -

But, circumstances of suspicion, no matter how grave or strong, are not proof of guilt sufficient to support a verdict of guilty. The actual commission of the crime by the accused must be shown by evidence beyond a reasonable doubt to sustain his conviction.

Clodfelter v. Commonwealth, 218 Va. 619, 623, 238 S.E.2d 820, 822 (1977) (citations omitted).

No evidence proved that the car Corey Evander Johnson was driving was his. No evidence proved that he knew the controlled substances were in the partially closed compartment on the car's door. No evidence proved he could see in the nighttime the plastic bag that protruded from the compartment. The evidence proved only his proximity to the substances. "Evidence merely that the accused was in the proximity of controlled substances is insufficient . . . to prove that the accused was aware of the presence and character of a controlled substance." Jones v. Commonwealth, 17 Va. App. 572, 574, 439 S.E.2d 863, 864 (1994).

Inferences that are drawn from suspicious circumstances alone are not sufficient to prove knowing possession of a controlled substance. Even if it is probable that the controlled substances in the car belonged to Johnson, probability of guilt is insufficient to warrant a criminal conviction. Crisman v. Commonwealth, 197 Va. 17, 21, 87 S.E.2d 796, 799 (1955). Suspicious circumstances "'no matter how grave or strong, are not proof of guilt sufficient to support a verdict of guilty. The actual commission of the crime by the

accused must be shown by evidence beyond a reasonable doubt to sustain his conviction.'"  Id. (quoting Powers v. Commonwealth, 182 Va. 669, 676, 30 S.E.2d 22, 25 (1944)).

Furthermore, the Commonwealth's evidence proved that the quantity of controlled substances found in the car could be consumed by a single user of narcotics over several days. Except for inferences drawn from that quantity, the record contains no evidence of an intent to distribute.  Those inferences, however, do not exclude every reasonable hypothesis of innocence and, therefore, fail to prove intent to distribute. Clodfelter, 218 Va. at 623, 238 S.E.2d at 822.

For these reasons, I would reverse the convictions and dismiss the indictments.