COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Senior Judge Hodges
Argued at Alexandria, Virginia


GARY WAYNE STEED

MEMORANDUM OPINION[*] BY
v.    Record No. 2602-00-4        JUDGE WILLIAM H. HODGES
                                         OCTOBER 23, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CULPEPER COUNTY
John R. Cullen, Judge

Jeffrey S. Larson for appellant.

Stephen R. McCullough, Assistant Attorney
General (Mark L. Earley, Attorney General;
Shelly R. James, Assistant Attorney General,
on brief), for appellee.


Gary Wayne Steed, appellant, appeals his conviction for possession of cocaine.  He challenges the sufficiency of the evidence to prove beyond a reasonable doubt that he constructively possessed the cocaine.  For the following reasons, we affirm appellant's conviction.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'"  <u>Archer v. Commonwealth</u>, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

---

    * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

So viewed, the evidence proved that Trooper M.C. Woodard stopped a car driven by appellant for a traffic violation. Woodard testified the area where he stopped appellant was a "known drug area." Woodard approached the driver's window and asked appellant for his driver's license and car registration. As Woodard stood near the car, he saw "a small white rock substance" approximately the size of a BB located on the seat between appellant's legs. Woodard stated that the rock was "laying freely on top of the seat between [appellant's] legs." Woodard suspected the item was crack cocaine. He retrieved the item and asked appellant about it. Appellant stated he knew nothing about the "rock" and that he did not smoke crack cocaine. Woodard testified that appellant "was very nervous, especially after I had located the rock." Laboratory analysis confirmed that the substance was cocaine.

William Riley, the owner of the car, was seated in the front passenger seat of the car. Riley told Woodard the rock could have been a piece of rock salt spread on the snow-covered roads by the Highway Department. No rock salt was found in the car.

"Constructive possession may be established by 'evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and the character of the substance and that it was subject to his dominion and control.'" Logan v.

-

_____, 19 Va. App. 437, 444, 452 S.E.2d 364, 368-69 (1994) (en banc) (citations omitted).  Constructive possession may be established by circumstantial evidence provided such evidence excludes every reasonable hypothesis of innocence that flows from the evidence.  See Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994).  Whether a hypothesis of innocence is reasonable is a question of fact.  See Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988).  The Commonwealth "need not affirmatively disprove all theories which might negate the conclusion that the defendant [possessed the cocaine], but the conviction will be sustained if the evidence excludes every reasonable hypothesis of innocence." Higginbotham v. Commonwealth, 216 Va. 349, 353, 218 S.E.2d 534, 537 (1975).

> Ownership or occupancy of a vehicle or of premises where illicit drugs are found is a circumstance that may be considered together with other evidence tending to prove that the owner or occupant exercised dominion and control over the items in the vehicle or on the premises in order to prove that the owner or occupant constructively possessed the contraband . . . .  Furthermore, proof that a person is in close proximity to contraband is a relevant fact that, depending on the circumstances, may tend to show that, as an owner or occupant of property or of a vehicle, the person necessarily knows of the presence, nature, and character of a substance that is found there.

Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992) (citations omitted).

-

The cocaine was in plain view, located between appellant's legs, on top of appellant's seat in the car. Although the passenger owned the car, the rock was in close proximity to appellant. Furthermore, the trier of fact need not accept appellant's statement that he did not know about the presence of the drug. See Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991). An accused's claims of innocence may be considered as mere fabrications to conceal guilt. See id. at 548, 399 S.E.2d at 830. In addition, appellant became more nervous after Woodard discovered the cocaine.

The fact finder believed the Commonwealth's evidence and rejected appellant's statements. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was aware of the presence and character of the cocaine he constructively possessed.

Accordingly, we affirm the conviction.

Affirmed.

-

Benton, J., dissenting.

To prove beyond a reasonable doubt that an accused constructively possessed a controlled substance, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984). Furthermore, Code § 18.2-250 could not be clearer: "Upon the prosecution of a person [for possession of a controlled substance], ownership or occupancy of . . . [a] vehicle upon or in which a controlled substance was found shall not create a presumption that such person either knowingly or intentionally possessed such controlled substance."

> [W]ell established principles apply to testing the sufficiency of circumstantial evidence. . . .
>
> "[I]f the proof relied upon by the Commonwealth is wholly circumstantial, as it here is, then to establish guilt beyond a reasonable doubt all necessary circumstances proved must be consistent with guilt and inconsistent with innocence. They must overcome the presumption of innocence and exclude all reasonable conclusions inconsistent with that of guilt. To accomplish that, the chain of necessary circumstances must be unbroken and the evidence as a whole must satisfy the guarded judgment that both the corpus delicti and the criminal agency of the accused have been proved to the exclusion of any other rational hypothesis and to a moral certainty."

-

> But, circumstances of suspicion, no matter how grave or strong, are not proof of guilt sufficient to support a verdict of guilty. The actual commission of the crime by the accused must be shown by evidence beyond a reasonable doubt to sustain his conviction.

Clodfelter v. Commonwealth, 218 Va. 619, 623, 238 S.E.2d 820, 822 (1977) (citations omitted).

The evidence proved the officer approached the car at 10:00 p.m., shined his flashlight into the car, and saw a small rock-like object he believed was cocaine. No evidence proved that Gary Wayne Steed was aware of the presence or character of the small object on the seat of the car. The car was not Steed's; it was owned by a passenger in the car.

The officer testified that the object was approximately the size of a BB pellet. He also testified that it was "not down in the crack of [Steed's] pants or anything, it's just laying freely on top of the seat between his legs." No evidence proved that Steed had touched it or was aware of it before the officer illuminated the seat with his flashlight. No evidence proved that other trash was not in the car and on the seats.

The trier of fact had to speculate that Steed would have seen such an object on the seat of the car at 10:00 p.m., in the dark. Moreover, no evidence in this record suggests that, even if Steed saw the object while he was driving his friend's car, he recognized it to be cocaine. Thus, the evidence proved only Steed's proximity to the object. "Evidence merely that the

-

accused was in the proximity of controlled substances is insufficient . . . to prove that the accused was aware of the presence and character of a controlled substance." Jones v. Commonwealth, 17 Va. App. 572, 574, 439 S.E.2d 863, 864 (1994).

After the officer seized the object and asked Steed about it, Steed said "he didn't know anything about the rock" and told the officer he did not own the car. The owner of the car told the officer, however, "that it had been snowing and that the Highway Department [trucks] were out . . . and it could possibly be a salt rock, rock of salt." Although the officer testified that he saw no rock salt in the car, any inferences that are drawn from suspicious circumstances of the owner's explanation are not sufficient to prove knowing possession by Steed of a controlled substance. Even if it is probable that the controlled substances in the car belonged to Steed, probability of guilt is insufficient to warrant a criminal conviction. Crisman v. Commonwealth, 197 Va. 17, 21, 87 S.E.2d 796, 799 (1955). Suspicious circumstances "'no matter how grave or strong, are not proof of guilt sufficient to support a verdict of guilty. The actual commission of the crime by the accused must be shown by evidence beyond a reasonable doubt to sustain his conviction.'" Id. (quoting Powers v. Commonwealth, 182 Va. 669, 676, 30 S.E.2d 22, 25 (1944)). The inferences to be drawn from the facts in this case do not exclude every reasonable

-

hypothesis of innocence.  <u>See</u> <u>Clodfelter</u>, 218 Va. at 623, 238 S.E.2d at 822.

For these reasons, I would reverse the conviction and dismiss the indictment.